# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DIAMOND RESORTS CORPORATION, a Maryland corporation; DIAMOND RESORTS HOLDINGS, LLC, a Nevada limited liability company; and DIAMOND RESORTS INTERNATIONAL, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>KYLE BROWN, an individual; MARTIN BROWN, an individual; EXCHANGE POINTS CLUB, LLC, a Florida and Missouri limited liability company; PREMIER REWARDS LLC, a Missouri limited liability company; VMG RESORTS LLC, a Missouri limited liability company; VACATION MANAGEMENT GROUP, LLC, a Missouri limited liability company; and OWNER EXTRAS LLC, a Missouri limited liability company,<br><br>Defendants. | Case No.: 2:19-cv-00227-APG-NJK<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**<br><br>[ECF No. 2] |

This matter came before me on July 18, 2019 on the Motion for a Preliminary Injunction (ECF No. 2) filed by plaintiffs Diamond Resorts Corporation, Diamond Resorts Holdings, LLC, and Diamond Resorts International, Inc. (collectively, the "Diamond Entities").

## STANDARD TO OBTAIN PRELIMINARY INJUNCTIVE RELIEF

Preliminary injunctive relief is warranted where the moving parties shows: (1) a likelihood of success on the merits, (2) that they are likely to suffer irreparable harm in the absence of such relief, (3) that the balance of equities tips in their favor, and (4) that granting an injunction would be in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

/ / / /

**FINDINGS OF FACT**

1. The Diamond Entities are a collection of interrelated businesses that market and sell timeshare interests, manage resorts and multi-resort trusts, and operate points-based vacation clubs.

2. In tandem with their hospitality and management services, the Diamond Entities' core business is the marketing and sale of timeshare interests.

3. The purchasers of those timeshare interests ("Collection Members") acquire, through their purchase, "Points," which act as currency that is exchangeable for occupancy rights in accommodations at resorts within the Collection Members' timeshare programs and at other Diamond-affiliated resorts (collectively, the "Resorts").

4. The Points that Collection Members purchase are personal to each Collection Member. Under the terms governing the Diamond Entities' timeshare programs, Collection Members are not permitted to employ their Points for a commercial use, including by renting them out for use by non-Collection Members.

5. Collection Members typically reserve their Resort accommodations online, applying their Points to the purchase of reservations at the Resorts through their unique username-and-password-protected Collection Members' portal account ("Member Portal Account"), which is hosted and managed by the Diamond Entities.

6. Diamond Resorts Holdings, LLC is the owner of multiple marks (the "Diamond Marks"), which the Diamond Entities use in coordination with each other to market, and communicate with the public and their Collection Members about, the Diamond Entities' various products and services.

7. The Diamond Marks include the marks DIAMOND RESORTS INTERNATIONAL®, DIAMOND RESORTS®, DIAMOND PLUS POINTS®, and The Club®.

8. The Diamond Entities filed their Motion for a Preliminary Injunction in response to a scheme in which some or all of the Defendants are selling unauthorized access to the Resorts to their customers. That scheme involves three steps:

a. First, Defendants have gained control of Points that have been sold to Collection Members. They have done this by calling Collection Members and using the Diamond Marks and other deceptive means to suggest affiliation with the Diamond Entities. The Defendants' sales agents have induced Collection Members to permit some or all of the Defendants to rent use of their Points. As part of this transaction, the Collection Members are required to pay a fee and turn over the usernames and passwords for their Member Portal Accounts.

b. Second, some or all of the Defendants advertise on their websites programs for renting Points and selling access to the Resorts, including by displaying images of specific properties at the Resorts and representing that some or all of the Defendants are authorized to sell or rent access to such Resorts.

c. Third, some or all of the Defendants have then gone on to the Diamond Entities' password-protected reservation system, impersonated Collection Members, and used that system to reserve stays at the Resorts for their customers, who have reserved vacation stays at the Resorts through them.

9. The Diamond Entities contend that the conduct comprising this scheme constitutes trademark infringement, false designation of origin, and false advertising under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a)(1)(A), 1125(a)(1)(B), deceptive trade practices under Nevada's Deceptive Trade Practices Act, Nev. Rev. Stat. §§ 598,598A et seq., and common law conversion.

## **CONCLUSIONS OF LAW**

1. The Diamond Entities are likely to succeed on the merits of, at a minimum, their claims for false advertising under the Lanham Act and deceptive trade practices under Nevada's Deceptive Trade Practices Act.

2. The scheme, if not enjoined, is likely to cause the Diamond Entities irreparable harm. The Diamond Entities are likely to be blamed for conduct undertaken by the Defendants either in their name, or involving access to Diamond-branded Resorts. In addition, the scheme is interfering with the Diamond Entities' right the control access to the Resorts.

3. The balance of equities favors granting a preliminary injunction in the form described below because the scheme is disrupting the Diamond Entities' relationship with both Collection Members and visitors to the Resorts, and the Defendants have no legitimate interest in continuing to engage in business activities premised on false advertising and deceptive trade practices.

4. The public interest favors granting a preliminary injunction in the form described below because false advertising and deceptive trade practices are prohibited by law.

## CONCLUSION AND ORDER FOR PRELIMINARY INJUNCTION

IT IS ORDERED that the Motion for a Preliminary Injunction **(ECF No. 2) is DENIED** as to defendants Martin Brown and Owners Extras, LLC, and **GRANTED** as to defendants Exchange Points Club, LLC, Premier Rewards LLC, VMG Resorts LLC, and Vacation Management Group, LLC (collectively, the "Enjoined Defendants") as follows:

1. Each of the Enjoined Defendants shall cease all advertising or promotion – whether in print, email, telephonically, on their websites, or otherwise – that uses any of the Diamond Marks or otherwise suggests either (a) an affiliation with Diamond, or (b) that any of the Enjoined Defendants is authorized as a wholesale distributor of vacation stays at the Resorts or has authority to facilitate or otherwise sell access to the Resorts.

2. Each of the Enjoined Defendants shall cease holding itself out – whether in print, email, telephonically, on their websites, or otherwise – as authorized depositories, managers, or renters of Points.

3. Each of the Enjoined Defendants shall cease any attempts to sell and/or facilitate access to vacation stays at the Resorts.

4. This preliminary injunction is binding on each of the Enjoined Defendants, as well as on any person or entity working in concert with any of the Enjoined Defendants.

5. This preliminary injunction shall go into effect *nunc pro tunc* as of the conclusion of the hearing held on this matter on July 18, 2019, except that the Enjoined Defendants may continue to fulfill existing contracts to facilitate stays at the Resorts for their customers for those reservations where the scheduled stay ends on or before July 29, 2019. The Enjoined Defendants

are advised to provide notice to their customers that all existing reservations for stays at the Resorts subsequent to July 29, 2019 will not be honored.

6. The Diamond Entities shall not be required to post a bond.

7. This preliminary injunction shall remain in effect until further order from the Court.

Dated: July 23, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE