Abran E. Vigil
Nevada Bar No. 7548
Joseph P. Sakai
Nevada Bar No. 13578
BALLARD SPAHR LLP
1980 Festival Plaza Drive, Suite 900
Las Vegas, Nevada 89135
Telephone: (702) 471-7000
Facsimile: (702) 471-7070
E-Mail: vigila@ballardspahr.com
E-Mail: sakaij@balalrdspahr.com

Paul J. Safier, Esq. (admitted *pro hac vice*)
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania19103
Telephone: (215) 988-9146
E-Mail: safierp@ballardspahr.com

*Attorneys for Plaintiffs/Counterdefendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DIAMOND RESORTS CORPORATION, a Maryland corporation; DIAMOND RESORTS HOLDINGS, LLC, a Nevada limited liability company; and DIAMOND RESORTS INTERNATIONAL, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>KYLE BROWN, an individual; MARTIN BROWN, an individual; EXCHANGE POINTS CLUB, LLC, a Florida and Missouri limited liability company; EXCHANGE POINTS CLUB, LLC; PREMIER REWARDS LLC, a Missouri limited liability company; VMG RESORTS LLC, a Missouri limited liability company; VACATION MANAGEMENT GROUP, LLC, a Missouri limited liability company; and OWNER EXTRAS LLC, a Missouri limited liability company,<br><br>Defendants. | Case No.: 2:19-cv-00227-APG-NJK<br><br>**CONSENT JUDGMENT AND PERMANENT INJUNCTION** |

| | |
|---|---|
| 1 | EXCHANGE POINTS CLUB, LLC, a Florida and Missouri limited liability company; MEMBER PERKS, LLC, formerly known as PREMIER REWARDS LLC, a Missouri limited liability company; and VACATION MANAGEMENT GROUP, LLC, a Missouri limited liability company, |
| 5 | Counterclaimants, |
| 6 | vs. |
| 7 | DIAMOND RESORTS CORPORATION, a Maryland corporation; DIAMOND RESORTS HOLDINGS, LLC, a Nevada limited liability company; DIAMOND RESORTS INTERNATIONAL, INC., a Delaware corporation; DIAMOND RESORTS INTERNATIONAL CLUB, LLC, a Delaware corporation; and DIAMOND RESORTS CENTRALIZED SERVICES COMPANY, a Delaware corporation, |
| 12 | Counter-defendants. |

The parties hereby stipulate to the entry of this Consent Judgment and Permanent Injunction. The parties acknowledge that this injunction and judgment was agreed upon as a compromise of disputed claims, and that the entry of the Consent Judgment and Permanent Injunction is not, and may not be construed as, an admission of liability by any of the parties hereto or any third parties, and is not to be construed as an admission that Defendants or their owners and/or directors engaged in any wrongful, tortious or unlawful activity. The parties state, and the Court hereby finds, the following:

1. Plaintiffs Diamond Resorts Corporation, Diamond Resorts Holdings, LLC, and Diamond Resorts International, Inc. (collectively, the "Diamond Plaintiffs") are a collection of interrelated businesses that, together with affiliated parents and subsidiaries, market and sell timeshare interests, manage resorts and multi-resort trusts, and operate points-based vacation clubs.

1

2. In tandem with their hospitality and management services, the Diamond Plaintiffs' core business is the marketing and sale of timeshare interests.

3. The purchasers of those timeshare interests ("Collection Members") acquire, through their purchase, "Points," which act as currency that is exchangeable for occupancy rights in accommodations at resorts within the Collection Members' timeshare programs and at other Diamond-affiliated resorts (collectively, the "Diamond Resorts").

4. The Points that Collection Members purchase are personal to each Collection Member. Under the terms governing the Diamond Plaintiffs' timeshare programs, Collection Members are not permitted to employ their Points for a commercial use, including by renting them out for use by non-Collection Members.

5. Collection Members typically reserve their accommodations at Diamond Resorts online, applying their Points to the purchase of reservations at the Diamond Resorts through their unique username-and-password-protected Collection Members' portal accounts ("Member Portal Accounts"), which are hosted and managed by the Diamond Plaintiffs and affiliated parents and subsidiaries.

6. Diamond Resorts Holdings, LLC is the owner of multiple marks (the "Diamond Marks"), which the Diamond Plaintiffs and affiliated parents and subsidiaries use in coordination with each other, and under the supervision of Diamond Resorts Holding, LLC, to market to, and communicate with, the public and Collection Members about the products and services of the Diamond Plaintiffs and affiliated businesses.

7. The Diamond Marks include the marks DIAMOND RESORTS INTERNATIONAL®, DIAMOND RESORTS®, DIAMOND PLUS POINTS®, and THE CLUB®.

8. Defendant Kyle Brown is or was the sole member/organizer of defendant Exchange Points Club, LLC, and is or was the sole member of defendant Owner Extras LLC.

BALLARD SPAHR LLP
1980 FESTIVAL PLAZA DRIVE, SUITE 900
LAS VEGAS, NEVADA 89135
(702) 471-7000 FAX (702) 471-7070

9. Defendant Martin Brown is or was the sole member of defendant VMG Resorts LLC and defendant Vacation Management Group, LLC.

10. Defendants Kyle Brown and Martin Brown are or were the sole members of Defendant Premier Rewards LLC d/b/a Member Perks LLC.

11. On February 6, 2019, the Diamond Plaintiffs brought their Complaint (ECF No.1) against Defendants, asserting claims against Defendants (a) for trademark infringement under 15 U.S.C. § 1114, (b) for false designation of origin under 15 U.S.C. § 1125(a)(1)(A), (c) for false advertising under 15 U.S.C. § 1125(a)(1)(B), (d) for deceptive trade practices under Nevada's Deceptive Trade Practices Act, Nev. Rev. Stat. §§ 598,598A et seq., and (e) for common law conversion.

12. Simultaneous to the filing of their Complaint, the Diamond Plaintiffs moved for a preliminary injunction (ECF No. 2).

13. Both the Diamond Plaintiffs' Complaint and their Preliminary Injunction Motion were brought in response to a line of business in which (some, or all, of) Defendants were selling unauthorized access to vacation stays at the Diamond Resorts and/or unauthorized access to vacation properties or resorts owned and/or operated by the Diamond Plaintiffs or an affiliated parent or subsidiary. Defendants' line of business involved three steps:

    a. First, Defendants gained control of Points that had been sold to Collection Members. To do this, (some, or all, of) the Defendants engaged in a campaign of telephone solicitations directed at Collection Members, in which sales agents induced Collection Members to permit (some, or all, of) the Defendants to rent out use of their Points in violation of the terms governing the Collection Members' timeshare programs.[1] As part of this transaction, the Collection Members were

---

[1] The parties dispute whether Defendants were aware that the proposal they were making to Collection Members violated the terms governing Collection Members' timeshare programs. That dispute is immaterial.

3

contractually required to provide the usernames and passwords for their Member Portal Accounts, in addition to being required (in most instances) to pay an upfront fee.

b. Second, (some, or all, of) the Defendants advertised on their websites programs for renting out Points and selling access to the Diamond Resorts, including by displaying images of specific properties at the Diamond Resorts and representing that (some, or all, of) the Defendants are authorized to sell or rent access to such Resorts.

c. Third, (some, or all, of) the Defendants went on to the Diamond Plaintiffs' password-protected reservation system with the express and written permission and on behalf of Collection Members and used that system to reserve stays at the Diamond Resorts for their customers, who reserved vacation stays at the Diamond Resorts through them, not the Diamond Plaintiffs.

14. None of activities described in the preceding Paragraph was authorized by the Diamond Plaintiffs.

15. On July 23, 2019, the Court granted in part and denied in part the Diamond Plaintiffs' motion for a preliminary injunction, preliminarily enjoining Kyle Brown, Exchange Points Club, LLC, Premier Rewards LLC d/b/a Member Perks LLC, VMG Resorts LLC, and Vacation Management Group, LLC – and anyone acting in concert with any of them – from engaging in the activities described in Paragraph 14 (ECF No. 54).

16. On August 16, 2019, Defendants filed counterclaims against Diamond, as well as against Diamond Resorts International Club, LLC and Diamond Resorts Centralized Services Company (collectively, the "Diamond Counter-Defendants"), seeking declaratory relief (ECF No. 60).

17. On December 5, 2019, this Court dismissed Defendants' counterclaims (ECF No. 89).

18. The Diamond Plaintiffs, the Diamond Counter-Defendants, and Defendants stipulate to the entry of this Permanent Injunction and Judgment as part of a resolution of all matters in dispute in this Action between them.

For the reasons stated above, it is this ___ day of ___ 2020, hereby ORDERED, with the consent and agreement of all parties that:

1. The Court's Preliminary Injunction Order (ECF No. 54) is converted to a permanent injunction and expanded to include defendants Martin Brown and Owner Extras LLC.

2. Defendants SHALL BE ENJOINED from intentionally and knowingly advertising to, marketing to, approaching, communicating with or soliciting, whether directly, indirectly, or otherwise, any Collection Member with respect to any timeshare-related product or service.

3. Defendants SHALL BE ENJOINED from advertising to, marketing to, approaching, communicating with or soliciting, whether directly, indirectly, or otherwise, anyone with respect to any product or service relating in any way to any product or service offered by the Diamond Plaintiffs or an affiliated parent or subsidiary. It shall not be a violation of this Paragraph for Defendants to unintentionally advertise to, market to, approach, communicate with or solicit, whether directly, indirectly, or otherwise, anyone who happens to be a Collection Member with respect to any product or service that is not related to a product or service offered by the Diamond Plaintiffs or any affiliated parent or subsidiary.

4. Defendants SHALL BE ENJOINED from selling, attempting to sell, or facilitating the sale of, access to the Diamond Resorts. It shall not be a violation of this Paragraph for Defendants to sell, attempt to sell, or facilitate anyone else's sale of, access to any property that is part of a resort that contains a property owned, managed, or controlled by the

5

|   |   |
|---|---|
| 1 | Diamond Plaintiffs or an affiliated parent or subsidiary provided that the property to which Defendants are selling, attempting to sell, or facilitating someone else' sale of, access to is not itself owned, managed, or controlled by the Diamond Plaintiffs or an affiliated parent or subsidiary. |

5. Defendants SHALL BE ENJOINED from using any of the Diamond Marks in connection with the advertisement or promotion – whether in print, email, telephonically, on their websites, or otherwise – of any products or services related to the Diamond Plaintiffs or an affiliated parent or subsidiary.

6. Defendants SHALL BE ENJOINED from engaging in any advertising or promotion – whether in print, email, telephonically, on their websites, or otherwise – that in any manner implies (a) any affiliation with the Diamond Plaintiffs, (b) authorization from the Diamond Plaintiffs to act as a wholesale distributor of vacation stays at the Diamond Resorts or to facilitate or otherwise to sell access to the Diamond Resorts, or (c) authorization from the Diamond Plaintiffs to act as a depository, manager, or renter of Points.

7. Defendants SHALL BE ENJOINED from accessing, attempting to access, or assisting anyone in accessing or attempting to access, the Diamond Plaintiffs' password-protected online reservation system for Collection Members, or any other password-protected online system operated or controlled by the Diamond Plaintiffs or an affiliated parent or subsidiary.

8. Defendants ARE DIRECTED to destroy, delete, or otherwise remove all documents or electronic information in their possession or control that contain the usernames and/or passwords of any Collection Member within ten (10) days of the entry of this Order. In addition, Defendants

       will, within that same timeframe, take all steps practicable to cause to be destroyed, deleted, or otherwise removed all documents or electronic information that contain the usernames and/or passwords of any Collection Member that are currently in the possession of any former employee or associate of any of the Defendants. Following completion of this process, defendant Kyle Brown shall file with the Court a sworn statement attesting to the destruction, deletion, or removal of all such documents and electronic information, and describing all steps undertaken to comply with this Paragraph of the Order.

9. This permanent injunction is binding on each of the Defendants, as well as on any person or entity working in concert with any of the Defendants.

10. Each party agrees to bear its own costs and attorney's fees and its portion of any court cost.

Further, in the event of an alleged violation of this Permanent Injunction, the party alleging violation may notify the allegedly breaching party, in writing, of the alleged violation. If the breaching party fails to cure the alleged violation, subsequent to a fifteen-day Notice to Cure period, and a judicial determination is later made that such party was in violation of the terms of the Permanent Injunction, the party that alleged the violation, in addition to injunctive and other relief the Court may provide, shall be entitled to liquidated damages in the amount of $2,000, per violation of this Permanent Injunction, plus an additional $1,000 per week, subsequent to a thirty-day Notice to Cure period, the party in violation is found to have remained in violation after receiving written notice, plus its attorneys' fees and costs incurred in enforcing this Permanent Injunction. In determining what conduct amounts to a violation of this Permanent Injunction for the purposes of imposing liquidated damages, conduct directed to or involving specific Collection Members shall be counted as a separate violation for each such Collection Member. The

Parties stipulate that the damages for breaching this Agreement are speculative, not readily ascertainable, that liquidated damages are appropriate in this instance, and that the amount of liquidated damages set forth in this Permanent Injunction is reasonable.

Agreed to this 23rd day of September, 2020

| | |
|---|---|
| */s/ Abran Vigil*_____<br>Abran E. Vigil<br>Nevada Bar No. 7548<br>Joseph P. Sakai<br>Nevada Bar No. 13578<br>BALLARD SPAHR LLP<br>1980 Festival Plaza Drive, Suite 900<br>Las Vegas, Nevada 89135<br>Telephone: (702) 471-7000<br>Facsimile: (702) 471-7070<br>E-Mail: vigila@ballardspahr.com<br>E-Mail: sakaij@balalrdspahr.com<br>Paul J. Safier, Esq. (admitted *pro hac vice*)<br>1735 Market Street, 51st Floor<br>Philadelphia, Pennsylvania19103<br>Telephone: (215) 988-9146<br>E-Mail: safierp@ballardspahr.com<br>*Attorneys for Plaintiffs/Counter-Defendants* | */s/ Mark Albright*_____<br>G. Mark Albright<br>Nevada Bar No. 1394<br>Jorge L. Alvarez<br>Nevada Bar No. 14466<br>ALBRIGHT STODDARD WARNICK & ALBRIGHT<br>801 S. Rancho Drive, Suite D-4<br>Las Vegas, Nevada 89106<br>Telephone: 702-384-7111<br>Facsimile: 702-384-0605<br>E-Mail: gma@albrightstiddard.com<br>E-Mail: jalvarez@albrightstoddard.com<br>*Attorneys for Defendants/Counterclaimants* |

IT IS SO ORDERED

_____
DISTRICT COURT JUDGE

Dated: _____

8


# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of September, 2020, pursuant to L.R. IC 4-1(d), I caused a true and correct copy of the foregoing Consent Judgment and Permanent Injunction to be served upon all counsel of record via electronic mail.

G. MARK ALBRIGHT, ESQ.
Nevada Bar No. 1394
JORGE L. ALVAREZ, ESQ.
Nevada Bar No. 114466
ALBRIGHT STODDART WARNICK & ALBRIGHT
801 South Rancho Drive, Suite D-4
Las Vegas, Nevada 89106
Telephone: (702) 384-7111
Fax: (702) 384-0605
gma@albrightstoddard.com
jalvarez@albrightstoddard.com

*Counsel for Defendants*

/s/ Abran E. Vigil
Abran E. Vigil